# REPORTS OF CASES

### ARGUED AND DETERMINED

#### IN THE

# SUPREME COURT OF ALABAMA.

———◆———

Present at this term, { Chief Justice *Clay.*
Judges *Saffold,*
*Lipscomb,*
*Crenshaw,*
and *Webb.*

———

Perry *against* Brown.—Appeal from Perry Circuit Court. *June,* 1822.

ASSIGNMENTS of Error—1st. The Court refused to quash the proceedings had before the Justice.

2d. The Court permitted an amendment to the statement of the cause of action after demurrer sustained, and without stating what amendment permitted ; neither does it appear that any amendment was made.

3d. Judgment final was rendered for want of plea, after judgment for defendant on his demurrer, and when no leave had been given him to plead.

4th. There was no issue between the parties as required by law.

The following are such parts of the Record as the assignments refer to :

The warrant or summons.

<div style="float:left">" State of *Alabama,*
Perry County.</div>

*To any lawful officer to execute and return.*

" You are hereby commanded to " summon *Thomas A. Perry* to appear at the house of *George*

*Construction of the Act of 1819 as to appeals from Justices of the Peace.*

" *Simmons,* on the third Saturday in *April,* to answer *Charles*
" *Brown* in a plea of Debt, by Note under fifty dollars—Giv-
" en under mÿ hand this 29th *March,* 1821.

"                                   " THOMAS LOW, J. P."

On which there was the following return: " Came to
" hand this 13th *April,* 1821—Executed the 14th April,
" 1821"—(No name appears to be subscribed to the indorse-
ment of executed—) " The Note is as follows, to wit : One day
" after date," (setting out a copy) " Came to hand 29th
" *March,* 1821. *Charles Brown* against *Thomas A. Perry,*
" *April* 21st, 1821. Judgment against the defendant, *prin-*
" *ciple,* $34 ; Interest $5.44 ; Costs, $1.75. Thomas
" Low, J. P."

Statement of cause of action as filed in the Circuit
Court, and entitled *September* Term, 1821.

" *Charles Brown* against *Thomas A. Perry*—Appeal
" *Charles Brown* by *D. Sullivan,* his attorney, avers that
" said defendant in the County aforesaid, owes the said
" plaintiff the sum of thirty-four dollars, on a Bill single
" under seal payable one day after date to said plaintiff or
" bearer, dated 25th day of *March,* 1819, and now to this
" Court here shewn; wherefore said plaintiff prays Judgment
" and Damages, which said defendant wholly fails and re-
" fuses to pay said plaintiff, and unjustly detains from said
" plaintiff to the damage of said plaintiff of fifty dollars,
" and therefore, &c. *Perry* filed his special demurrer, and
" assigned as causes—1st. That the Warrant was not di-
" rected to any officer of *Perry* County, whose duty it was
" to execute the same. —2d. There is no command to the
" officer in the Warrant.—3d. It does not appear that
" defendant was summoned to appear at any place in
" *Perry* County.—4th. It is not stated at what time
" defendant should be summoned to appear.—5th. It does
" not appear for what amount suit is brought, nor is it stated
" whether the Debt is in the Debit or Detenit.—6th. The
" Warrant is not under the seal of the Justice, nor does it
" appear of what County said *Thomas Low* was a Justice.
" —7th. The cause of action is not indorsed on the War-
" rant, nor does it appear in any part of the proceedings,
" nor does the Warrant appear to have been in the hands of
" any officer to have been executed.—8th. The statement
" filed at *September* term, 1821, does not state defendant's
" liability, nor is there a sufficient description of the cause
" of action.—9th. There is no profert of the writing obliga-
" tory.—10th. ——— 11th. It does not appear that Judg-

" ment was given on the day on which the Warrant was " made returnable.—12th. Said proceedings are illegal and " irregular throughout," &c.

At *April* term, 1822, the Circuit Court sustained the demurrer, and granted leave to plaintiff to amend his statement in the nature of a declaration. " The statement was then " amended, (what was the original form of the statement, or what the amendments made, the Record does not shew) " and the defendant wholly failing to defend his suit and " not pleading thereto. It is therefore considered that the " plaintiff recover," &c.

*Perry* appealed from this judgment to this Court.

Opinion of the Court by Judge *Saffold.*

By the 38th section of the Act of 1819, " To regulate " the proceedings of the Courts of Law and Equity in this " State." In cases of appeals from Justices of the peace, the Court before whom such appeal shall be brought, shall proceed to try the same according to the justice and equity of the case, without regarding any defect in the Warrant, capias, summons, or other proceeding of the Justice of the peace before whom the same was tried.(*a*) It is believed that this Statute cured every defect to which the demurrer related, and that neither the demurrer nor a motion to quash the proceedings should have been sustained.

(*a*) *Laws Ala. p.* 189.

If the defendant wished to plead to the merits, he should have asked and obtained leave. As the Record does not shew that he offered to plead, the Circuit Court rightly rendered judgment against him.

Let the judgment be affirmed.(*b*)

(*b*) See *Laws Alabama, p.* 507, 8, 511, &c.

*H. G. Perry*, for appellant.

*Sullivan*, for appellee.